UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


HONEST LEE REEVES,

              Petitioner,

                                                          CASE NO. 1:08-CV-969
                                                          CASE NO. 1:06-CR-291-01
v.
                                                          HON. ROBERT J. JONKER
UNITED STATES OF AMERICA,

              Respondent.

_____/

## OPINION AND ORDER

This matter is before the Court on Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate,

Set Aside or Correct Sentence (docket # 1).  The United States has responded to Petitioner's motion,

and Petitioner's trial counsel has filed a separate response addressing some of the arguments raised

by Petitioner.  The Court has carefully reviewed the parties' briefs and determined that an evidentiary

hearing is unnecessary to the resolution of this case.  *See* Rule 8, RULES GOVERNING § 2255 CASES.

## BACKGROUND

In November 2006, Petitioner Honest Reeves was indicted on two counts: possession with

intent to distribute 2,000 tablets of Ecstasy, and possession with intent to distribute 9,600 tablets of

Vicodin.  (Case No. 1:06-CR-291, docket # 14.)  Under the terms of a written plea agreement

(docket # 54), Petitioner agreed to plead guilty to the Vicodin charge in exchange for the

Government's agreement to drop the Ecstasy charge.  At the plea hearing, the Magistrate judge

informed Petitioner:

> Okay.  So let me just clarify this for you, Mr. Reeves.  Count One will be dismissed
> according to the plea agreement, if everything goes according to plan.  It is possible

that the probation office will ask the Court to take into consideration this ecstasy in sentencing you on Count Two. Judge may agree with that, disagree with that, I don't know. But you should understand, in other words, that even though Count One may be dismissed, that the conduct and possession of the ecstacy [sic] might bear on your sentence for Count Two. Understood?

(Docket # 67, Plea Hearing Transcript, at 33-34.) Petitioner replied, "Yes, sir." (*Id.* at 34.)

On October 26, 2007, this Court sentenced Petitioner to 60 months in prison. At sentencing, Petitioner argued his possession of the Ecstasy tablets should not be considered "relevant conduct" for purposes of his sentencing on the Vicodin charge. (Sentencing Hearing Transcript, docket # 83, at 5-9.) The Court rejected this argument as untimely and without merit, noting that:

These two defendants, Dexter and Honest Reeves, were found in the car together. The car was as I recall rented by Dexter Reeves. The car was driven at the time by Honest Reeves. They were certainly in a common enterprise at the time. They were on a common trip. They were involved, depending on which version in particular you believe, in a common enterprise of acquiring drugs in the Detroit area, moving them through Chicago ultimately bound for Alabama where the distribution was anticipated. People in the car together, related to one another, working in that kind of fashion, plainly it seems to me under the guidelines relevant conduct includes both of the drugs that were found in the car.

(*Id.* at 20.) Based in part on Petitioner's role in possessing and transporting the Ecstasy, the Court calculated his base offense level at 26. (*Id.* at 34.)

Prior to Petitioner's sentencing, the Government moved for a two-point reduction under U.S.S.G. § 5K1.1 for Petitioner's substantial assistance. (Case No. 1:06-CR-291, docket # 71.) At the sentencing hearing, Petitioner argued for a much larger reduction based on his assertion that he knew, and would provide to the Government, further assistance in the future. The Court applied a two-point reduction to reflect substantial assistance already rendered, and stated:

I do note the defendant's position that there may be other things that Mr. Honest Reeves knows, has alluded to, or could in the future allude to or help the government with. That's not before me today. I have no information regarding it. If in fact that

happens, as counsel has indicated and as the plea agreement permits, a Rule 35 motion at an appropriate time is always possible and certainly be considered by the Court.

(Sentencing Transcript at 35.) Petitioner's sentence of 60 months was within the guideline range of 51-63 months, as calculated by the Court. (*Id.*)

At the conclusion of the plea colloquy, the Court discussed briefly with Mr. Reeves the appeal process. The Court noted its understanding that the plea agreement between Mr. Reeves and the Government did not appear to limit Mr. Reeves' right to appeal his conviction or sentence, and informed Mr. Reeves that:

> "[Y]our counsel now has in front of him papers detailing some appeal rights, including your ability to appeal and ask to proceed in forma pauperis if you can't afford to do so with normal fees. It also indicates that the Clerk will file a notice of appeal for you and that you have to have that filed within ten days in ordinary circumstances."

(*Id.* at 41-42.) Mr. Reeves' trial counsel indicated to the Court that he and client and received the appeal packet and that "[w]e're signing it now." (*Id.*) The appeal packet contained all the necessary documents for filing an appeal, and the record in Mr. Reeves' criminal case reflects that both he and his trial counsel did in fact sign an acknowledgment stating that they had received those documents. (Case No. 1:06-CR-291, docket # 79.) Neither Mr. Reeves nor his counsel filed a notice of appeal from the final judgment.

## ANALYSIS

Petitioner moves to vacate his sentence under 28 U.S.C. § 2255, alleging he was denied his Sixth Amendment right to effective assistance of counsel when his trial counsel failed to object to the Court's calculation of the sentencing guidelines and then failed to file an appeal of the Court's sentence. (Case No. 1:08-CV-969, Motion to Vacate, docket # 1.) Normally, to establish a claim

of ineffective assistance, a criminal defendant must show deficient performance and actual prejudice.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Roe v. Flores-Ortega*, 528 U.S. 470, 476-77

(2000).  Actual prejudice means "a reasonable probability that, but for counsel's unprofessional

errors, the result of the proceeding would have been different."  *Strickland*, 466 U.S. at 694.  The

"actual prejudice" standard girds the Sixth Amendment right to effective counsel because that right

is not an abstract idea recognized for its own sake, but rather a pragmatic guarantee that all criminal

defendants receive a fair trial process. *Roe*, 528 U.S. at 483 (citing *United States v. Cronic*, 466 U.S.

648, 658 (1984)).  "Absent some effect of challenged conduct on the reliability of the process, the

effective counsel guarantee is generally not implicated."  *Id.*  (internal quotations omitted).

**I.      Petitioner Cannot Show Actual Harm Under the *Strickland* Standard**

Petitioner identifies two potential arguments his counsel should have pursued at sentencing

and on appeal.  Both arguments are directly contradicted by published Sixth Circuit authority.

First, Petitioner argues that the Court improperly included his possession of 2,000 pills of

Ecstasy as "relevant conduct" for purposes of calculating his guideline range on the Vicodin charge.

*Cf.* U.S.S.G. § 1B1.3.  According to Petitioner, the Court erred in considering his possession of the

Ecstasy because "Mr. Reeves did not admit to any other drug other than what he plead guilty too

[sic], thus causing the government to dismiss count 1."  (Motion to Vacate, docket # 1, at 12.)

Petitioner's argument appears to be that the Court may not consider as "relevant conduct" any acts

other than those necessary to establish the offense he pleaded to.  This is incorrect.  *United States*

*v. Partington*, 21 F.3d 714, 717 (6th Cir. 1994) ("Conduct which forms the basis for counts

dismissed pursuant to a plea bargain may be considered in determining the base offense level under

the guidelines."); *see also United States v. Cook*, 453 F.3d 775, 777 (6th Cir. 2006) ("Because the

guidelines are now advisory and not mandatory, a District Court may rely on extra-verdict facts or on those other than which the defendant has specifically admitted when it calculates his sentence.").

Petitioner stated under oath at his plea hearing–and he does not now dispute–that he and his nephew, Dexter Reeves, were caught together in a truck transporting Ecstasy and Vicodin from Michigan to Alabama. (Plea Hearing Transcript at 28-29.) Petitioner's nephew rented the truck, and Petitioner was driving at the time. (*Id.* at 28-30.) They were bound for Alabama for the purpose of selling the drugs there. (*Id.* at 30-31.) Petitioner's sworn statements are more than enough to establish by a preponderance of the evidence that he and his nephew engaged in a common scheme or course of conduct to transport Ecstasy (and Vicodin) from Michigan to Alabama. *See*, *e.g.*, *Partington*, 21 F.3d at 717 ("When determining the base offense level in drug cases, all drug quantities, including quantities charged in dismissed counts and uncharged quantities, that were part of the same course of conduct or common scheme are taken into account."); U.S.S.G. § 1B1.3.

The Magistrate Judge concluded the plea hearing by informing Petitioner that the sentencing court might consider the Ecstasy in sentencing him on the Vicodin conviction. (Plea Hearing Transcript at 34-35.) Petitioner indicated that he understood this point. (*Id.*) At Petitioner's sentencing, this Court did in fact consider Petitioner's possession of the Ecstasy in calculating his base offense level. Petitioner's counsel objected to the Court's conclusion on this issue at the sentencing, and the Court rejected that argument as untimely and on the merits. (Sentencing Transcript at 19-20.) The Sixth Circuit would review the Court's ruling under the highly deferential "clearly erroneous" standard. *Partington*, 21 F.3d at 717. Under these circumstances, Petitioner could not possibly prevail on this issue on appeal, and thus there is no way he could demonstrate "actual prejudice" within the meaning of *Strickland*. *See* 466 U.S. at 687.

Petitioner's second potential appellate argument fares no better than his first. He argues the Court violated his Due Process rights by "misapprehen[ding] the temporal framework of U.S.S.G. § 5K1.1." (Petitioner's Motion to Vacate, docket # 1, at 13-15.) Petitioner appears to assert that the Court withheld some portion of a "substantial assistance" reduction Petitioner already had earned because the Court felt the value of Petitioner's assistance would be better assessed at a later point through a motion under FED. R. CRIM. P. 35. (*See id.*) In fact, the Court did exactly the opposite.

Petitioner argued for a large reduction based on assistance he claimed he would or could provide at a later date. (*See* Sentencing Transcript at 24-26.) The Court responded, "I can't possibly consider information I don't know about, right?," and then noted that if Petitioner came forward with new information at a later date the Government could bring a Rule 35 motion "at an appropriate time." (*Id.* at 26, 34-35.) The only reasonable reading of this exchange indicates that the Court refused to consider assistance not yet rendered, not that the Court ignored assistance already rendered because more assistance would be forthcoming in the future. This is precisely the procedure contemplated in the sentencing guidelines, and there is no possible way the Court's application of U.S.S.G. § 5K1.1 violated Petitioner's Due Process rights. *See, e.g.*, *United States v. Bureau*, 52 F.3d 584, 595 (6th Cir. 1995) ("[T]he sentencing judge has an obligation to respond to a § 5K1.1 motion and to then state the grounds for action at sentencing without regard to future events.")

## II.     A Presumption of Harm is Required In Certain Circumstances

Even where a potential argument on appeal is entirely without merit, under controlling Sixth Circuit and Supreme Court authority counsel's failure to file an appeal raising that argument may relieve a defendant of his burden to show actual harm on a Sixth Amendment claim. *Roe v. Flores-Ortega*, 528 U.S. 470 (2000); *United States v. Ludwig*, 162 F.3d 456 (1998). In *Roe*, the Supreme

6

Court held that where trial counsel has a duty to file an appeal and fails to do so, harm to the defendant must be presumed. 528 U.S. at 484-85. The presumption of harm is necessary in such a case because the defendant is deprived not just of his constitutional right to counsel on appeal, but is denied the right to appeal altogether, thus rendering the conviction presumptively unreliable. *Id.*

The Court emphasizes here that Petitioner's potential arguments on appeal are without merit. If his motion to vacate were before the Court on the merits of his arguments under the sentencing guidelines, after he already had pursued a direct appeal, the Court would not hesitate to dismiss summarily the petition for failure to raise a meritorious federal claim. *Cf.* 28 U.S.C. § 2255; Rule 4, RULES GOVERNING § 2255 CASES. But counsel's failure to file an appeal in this case places a Sixth Amendment overlay on Petitioner's sentencing guidelines arguments. If Petitioner requested or expressed an interest in an appeal, *Roe* and *Ludwig* mandate at least a presumption of ineffective assistance regardless of whether Petitioner could prevail on appeal. 528 U.S. at 484-85; 162 F.3d at 459. There may be good reason to hold that such a presumption is rebuttable in a case like this–where Petitioner has plead guilty in accordance with the terms of a written plea agreement, does not contest his conviction, and raises two minor sentencing arguments that are flatly contradicted by controlling authority. However, the Court is unaware of any authority holding that the presumption of prejudice identified in *Roe* is rebuttable, and such an interpretation would appear to contravene the Sixth Circuit's directive in *Ludwig* that the trial court evaluate these types of ineffective assistance claims "without regard to the probability of success on appeal." *See* 162 F.3d at 459.

III.    **Petitioner is Entitled to a Delayed Appeal Without an Evidentiary Hearing**

The presumption of prejudice identified in *Roe* applies only where counsel had a duty to file an appeal. 528 U.S. at 484-85. In this case, Petitioner alleges he and his trial counsel "agreed on

filing an appeal of the court's ruling." (Petitioner's Motion to Vacate, docket # 1, at 8.) His trial counsel filed an affidavit disputing Petitioner's allegation, but counsel concedes that he "did not consult with Mr. Reeves about filing any appeal." (Case No. 1:06-CR-291, docket # 84.) The Court could hold an evidentiary hearing to determine whether Petitioner did in fact request an appeal, or whether, even if he did not expressly request an appeal, the circumstances of the case were such that he would have filed an appeal if his counsel actually consulted with him about his appeal options. *See Roe*, 528 U.S. 484-86; Rule 8, RULES GOVERNING § 2255 CASES. If the Court were to find for Petitioner on either of these points, the most he would be entitled to is a delayed appeal to the Sixth Circuit. *See, e.g., Ludwig*, 162 F.3d at 459. Conversely, if the Court were to find for Respondent, Petitioner would be entitled to appeal that ruling to the Sixth Circuit and, if successful on that appeal, he would return to this Court requesting again the ultimate relief he seeks: namely, a delayed appeal.

Under these circumstances, the Court finds that an evidentiary hearing would only add further delay to this case, and would result in unnecessary inconvenience for all parties involved. *See McHale v. United States*, 175 F.3d 115, 119-120 (2d Cir. 1999) (reinstating a previously dismissed appeal to avoid the delays attendant to remand and re-sentencing). Petitioner currently is incarcerated in Alabama and would have to be transported to Michigan for the hearing. The Court likely would have to appoint counsel for Petitioner. The Government would have to prepare for the hearing, including a potential cross-examination of Petitioner. The parties would have to locate Petitioner's trial counsel and attempt to obtain his testimony in this Court. All of these steps require a significant allocation of resources on the part of the Court, the Government, and various private attorneys. Given the strength of the Sixth Amendment authority on this issue, the weakness of Petitioner's underlying arguments on the sentencing guidelines, and the cost and delay attendant to

an evidentiary hearing, the most just and efficient course of action for all parties is to allow Petitioner to take a delayed appeal on the merits of his underlying claims without any further action in the trial court. *See United States v. Anderson*, 409 F. Supp. 2d 925 (S.D. Ohio 2005) (granting delayed appeal without evidentiary hearing); *Crowder v. United States*, 2009 WL 440433 (E.D. Tenn. 2009) (same); *see also Smith v. United States*, 348 F.3d 545, 550 (6th Cir. 2003) ("The statute does not require a full blown evidentiary hearing in every instance. Rather, the hearing conducted by the court, if any, must be tailored to the specific needs of the case, with due regard for the origin and complexity of the issues of fact and the thoroughness of the record on which (or perhaps, against which) the section 2255 motion is made."); *Cf. United States v. Caruthers*, 458 F.3d 459, 472 n. 6 (6th Cir. 2006) (noting that in certain circumstances a court may "assume" jurisdiction if the jurisdictional issues are difficult and the court resolves the case on the merits in favor of the party contesting jurisdiction).

**ACCORDINGLY, IT IS ORDERED** that Petitioner's motion to vacate (docket # 1) is **GRANTED** to the extent he seeks a right to delayed appeal on the grounds that his trial counsel was ineffective for failing to file an appeal for him. The Court will **VACATE** the original judgment of conviction in Petitioner's criminal case (Case No. 1:06-CR-291, docket # 77), and **REIMPOSE** an identical sentence in an Amended Judgment. *See United States v. Rosinski*, 459 F.2d 59, 60 (6th Cir. 1972) (explaining the process a district court should follow in allowing for a delayed appeal). Petitioner may appeal from the Amended Judgment in the criminal case, and the Court will issue a separate order instructing the Clerk's Office to file a notice of appeal for Petitioner within ten days of the entry of the Amended Judgment. *See* FED. R. APP. P. 4(b)(1)(A)(i). If Petitioner cannot afford

counsel on appeal, Petitioner can file the required motion and papers, and counsel will be appointed

for him if he qualifies.


Dated:      August 13, 2009           /s/ Robert J. Jonker                           
                                    ROBERT J. JONKER
                                    UNITED STATES DISTRICT JUDGE